## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

VINCENT ZELLERINO,

     Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANSUNION, LLC, BLUESTEM
BRANDS, INC., JEFFERSON
CAPITAL SYSTEMS, LLC and
CITIBANK, N.A.,

     Defendants.

Case No. 18-cv-12837
Hon. Laurie J. Michelson

---

## CITIBANK, N.A.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Citibank, N.A. ("Citibank"), through its counsel, states as follows for its amended answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand.

## Jurisdiction

1.    All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Mr. Zellerino.

**ANSWER: Citibank admits only that Plaintiff alleges claims regarding credit reporting, but denies any liability, damages or wrongdoing to the extent**

1

alleged in paragraph 1. Except as specifically admitted, Citibank denies the allegations in paragraph 1.

2.      Mr. Zellerino brings this lawsuit under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

**ANSWER: Citibank admits only that Plaintiff alleges claims under the FCRA, but denies any liability, damages or wrongdoing to the extent alleged in paragraph 2. Except as specifically admitted, Citibank denies the allegations in paragraph 2.**

3.      The claims presented under the FCRA present a federal question for purposes of 28 U.S.C. § 1331.

**ANSWER: The allegations in paragraph 3 assert a legal conclusion to which no response is necessary. To the extent a response is required, Citibank admits only that it does not dispute the Court's jurisdiction.**

4.      This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

**ANSWER: The allegations in paragraph 4 assert a legal conclusion to which no response is necessary. To the extent a response is required, Citibank admits only that it does not dispute the Court's exercise of supplemental jurisdiction.**

### Parties

5.      Vincent Zellerino resides in Brownstown, Michigan.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.**

6.    Vincent Ze1lerino is a consumer as defined by the FCRA, 15 U.S.C. §1681a(c).

**ANSWER: The allegations in paragraph 6 assert a legal conclusion to which no response is necessary. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations.**

7.    The Defendants to this action are as follows:

   a.    Equifax Information Services, L. L. C. ("Equifax"), a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681 et seq.

   b.    Experian Information Solutions, Incorporated ("Experian"), a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681 et seq.

   c.    Trans Union, L.L.C. ("Trans Union"), a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 168 I et seq.

   d.    Bluestem Brands, Inc. d/b/a Webbank/Fingerhut ("Webbank/Fingerhut"), a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

   e.    Jefferson Capital Systems, LLC ("Jefferson Capital"), a furnisher of information as contemplated by the FCRA, 15

U.S.C. § 168ls-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

f.    Citibank, N.A. ("CBNA"), a furnisher of information as contemplated by the FCRA 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 (a), (b), (c), (d), and (e) and therefore denies them.  With respect to paragraph 7(f), Citibank admits that it is named as a defendant in the lawsuit and that under certain circumstances, it furnishes information to the credit reporting agencies.**

### General Factual Allegations

8.    Mr. Zellerino obtained his consumer disclosure from Defendant Equifax on February 13, 2017.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.**

9.    Mr. Zellerino obtained his consumer disclosure from Defendant Experian on February 16, 2017.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.**

10.    Mr. Zellerino obtained his consumer disclosure from Defendant Trans Union on January 22, 2018.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.**

11.    The reports contained inaccurate information relating to a Webbank/Fingerhut, Jefferson Capital, and CBNA/Best Buy accounts.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.**

12.    Despite the fact that Mr. Zellerino never opened these accounts or authorized anyone to open these accounts, Defendant furnishers continued to report the accounts to the Defendant consumer reporting agencies as they pertained to Mr. Zellerino.

**ANSWER: To the extent the allegations in paragraph 12 relate to Citibank, Citibank denies any allegations of violations or wrongdoing related to credit reporting.  To the extent the allegations relate to other defendants, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in and therefore denies them.**

5

## Factual Allegations Relative to The Equifax Credit Report

13.     Mr. Zellerino obtained a copy of his Equifax consumer disclosure which is used by Equifax to generate consumer reports relating to Mr. Zellerino on February 13, 2017.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.**

14.     That disclosure of Mr. Zellerino's file contained inaccurate credit information relating to accounts from the following entities:

        a.     Bestbuy/CBNA

        b.     Webbank/Fingerhut

        c.     Jefferson Capital Systems

        d.     SYNCB/Walmart

**ANSWER: Citibank denies any allegations of violations or wrongdoing related to credit reporting.  In further response, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.**

15.     Mr. Zellerino disputed that inaccurate information with Equifax on June 5, 2017 and requested that Equifax reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

**ANSWER: The allegations in paragraph 15 are not directed to Citibank and therefore, no response is required.  To the extent a response is required,**

**Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.**

16.    Mr. Zellerino's dispute included sufficient information or documentation to provide actual notice that the credit information was inaccurate.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.**

17.    Equifax responded to this dispute from Mr. Zellerino by requesting verification of the credit information by the entities which had furnished the information to Equifax.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.**

18.    Webbank/Fingerhut, Jefferson Capital Systems, and CBNA responded to Mr. Zellerino's reinvestigation request by falsely verifying the credit information.

**ANSWER:  Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.**

19.    On July 13, 2017, Equifax responded to Mr. Zellerino's dispute by

      a.    deleting the SYNCB/Walmart account; and

7

b.    verifying the Webbank/Fingerhut, Jefferson Capital, and CBNA/Best Buy accounts as his.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.**

20.    Equifax maintained the inaccurate credit information in Mr. Zellerino's consumer file as a result of the verification from the source of the disputed information and Equifax's own failure to conduct a proper reinvestigation of the disputed information.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.**

21.    On December 5, 2017, Mr. Zellerino sent a second dispute letter to Equifax disputing the inaccurate information and requested that Equifax reinvestigate and correct the information.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.**

22.    Equifax responded to this dispute from Mr. Zellerino by requesting verification of the credit information by the entities which had furnished the information to Equifax.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.**

23.    Webbank/Fingerhut responded to Mr. Zellerino's reinvestigation by falsely verifying the credit information.

**ANSWER: The allegations in this paragraph are not directed toward Citibank and therefore, no response is required. To the extent an answer is necessary, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies them.**

24.    On January 9, 2018, Equifax responded to Mr. Zellerino's dispute by

      a.    stating that the Jefferson Capital and CBNA/Best Buy accounts were not currently reporting; and
      b.    verifying the Webbank/Fingerhut account as his.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.**

25.    On March 22, 2018, Mr. Zellerino sent a third dispute letter to Equifax disputing the inaccurate Webbank/Fingerhut tradeline and requested that Equifax reinvestigate and correct the information.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.**

26.     Equifax did not respond to Mr. Zellerino's third dispute letter.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.**

27.     On August 31, 2018, Mr. Zellerino sent a letter to Equifax advising that he filed an Identity Theft Report with the FTC and enclosed a copy of the report.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.**

28.     Mr. Zellerino has not received a response to date.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.**

10

**<u>Factual Allegations Relative to The Experian Credit Report</u>**

29.    Mr. Zellerino obtained a copy of his Experian consumer disclosure which is used by Experian to generate consumer reports relating to Mr. Zellerino on February 16, 2017.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.**

30.    That disclosure of Mr. Zellerino's file contained inaccurate credit information relating to accounts from the fo1Jowing entities:

     c.     Bestbuy/CBNA

     d.     Webbank/Fingerhut

     e.     Jefferson Capital Systems

     f.     SYNCB/Walmart

     g.     SYNCB/Paypal

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.**

31.    Mr. Zellerino disputed that inaccurate information with Experian on June 5, 2017 and requested that Experian reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

**ANSWER: The allegations in paragraph 31 are not directed to Citibank and therefore, no response is required. To the extent a response is required, Citibank admits that it received an automated credit dispute verification in June 2017 from Experian related to Vincent Zellerino's account. Except as specifically admitted, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.**

32.    Mr. Zellerino's dispute included sufficient information or documentation to provide actual notice that the credit information was inaccurate.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.**

33.    Experian responded to this dispute from Mr. Zellerino by requesting verification of the credit information by the entities which had furnished the information to Experian.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.**

34.    Webbank/Fingerhut, Jefferson Capital Systems, and CBNA/Best Buy responded to Mr. Zellerino's reinvestigation request by falsely verifying the credit information.

12

**ANSWER:   To the extent the allegations of paragraph 34 relate to Citibank, Citibank denies the allegations. To the extent the allegations relate to other defendants, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.**

35.    On July 11, 2017, Experian responded to Mr. Ware's dispute by

a.    deleting the SYNCB/Paypal accounts; and

b.    verifying the Webbank/Fingerhut, Jefferson Capital and CBNA/Best Buy accounts as his.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.**

36.    Experian maintained the inaccurate credit information in Mr. Zellerino's consumer file as a result of the verification from the source of the disputed information and Experian's own failure to conduct a proper reinvestigation of the disputed information.

**ANSWER: The allegations in paragraph 36 are not directed to Citibank and therefore, no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.**

37.    On December 5, 2017, Mr. Zellerino sent a second dispute letter to Experian disputing the inaccurate information and requested that Experian reinvestigate and correct the information.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.**

38.    Experian responded to this dispute from Mr. Zellerino by requesting verification of the credit information by the entities which had furnished the information to Experian.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.**

39.    Webbank/Fingerhut responded to Mr. Zellerino's reinvestigation by falsely verifying the credit information.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.**

40.    On January 4, 2018, Experian responded to Mr. Zellerino's dispute by

    a.    deleting the Jefferson Capital and CBNA/Best Buy accounts; and

    b.    verifying the Webbank/Fingerhut account as his.

14

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.**

41.     On March 22, 2018, Mr. Zellerino sent a third dispute letter to Experian disputing the inaccurate Webbank/Fingerhut tradeline and requested that Experian reinvestigate and correct the information.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.**

42.     Experian did not respond to Mr. Zellerino's third dispute letter.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.**

43.     On August 31, 2018, Mr. Zellerino sent a letter to Experian advising that he filed an Identity Theft Report with the FTC and enclosed a copy of the report.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is**

required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. Mr. Zellerino has not received a response to date.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.**

## Factual Allegations Relative to The Trans Union Credit Report

45. Mr. Zellerino obtained a copy of his Trans Union consumer disclosure which is used by Trans Union to generate consumer reports relating to Mr. Zellerino on January 22, 2018.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.**

46. That disclosure of Mr. Zellerino's file contained inaccurate credit information relating to accounts from Webbank/Fingerhut.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.**

16

47.     Mr. Zellerino disputed that inaccurate information with Trans Union on March 22, 2018 and requested that Trans Union reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.**

48.     Mr. Zellerino's dispute included sufficient information or documentation to provide actual notice that the credit information was inaccurate.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.**

49.     Trans Union responded to this dispute from Mr. Zellerino by requesting verification of the credit information by Webbank/Fingerhut who had furnished the information to Trans Union.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.**

50.     Webbank/Fingerhut responded to Mr. Zellerino's reinvestigation request by falsely verifying the credit information.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.**

51.    On April 15, 2018, Trans Union responded to Mr. Zellerino's dispute by verifying the Webbank/Fingerhut account as his.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.**

52.    Trans Union maintained the inaccurate credit information in Mr. Zellerino's consumer file as a result of the verification from the source of the disputed information and Trans Union's own failure to conduct a proper reinvestigation of the disputed information.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.**

53.    On August 31, 2018, Mr. Zellerino sent a letter to Trans Union advising that he filed an Identity Theft Report with the FTC and enclosed a copy of the report.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.**

54.    Mr. Zellerino has not received a response to date.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.**

**Factual Allegations Relative to Webbank/Fingerhut**

55.    Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER:  Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

56.    Mr. Zellerino disputed the inaccurate Webbank/Fingerhut account with the Defendant credit reporting agencies.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.**

57.   Mr. Zellerino provided a copy of those disputes directly to Webbank/Fingerhut.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.**

58.   The Defendant credit reporting agencies forwarded Mr. Zellerino's disputes to Webbank/Fingerhut.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.**

59.   Webbank/Fingerhut received Mr. Zellerino's disputes.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.**

60.   Webbank/Fingerhut verified the inaccurate credit information back to the Defendant credit reporting agencies.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is**

required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61.    In a letter dated December 14, 2017, Webbank/Fingerhut stated that the account was being handled by Jefferson Capital Systems.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.**

62.    In this letter it also enclosed a list of charges.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.**

63.    In a letter dated March 22, 2018, Mr. Zellerino disputed the charges and requested a complete list of charges identifying the items purchased, where they were purchased, the address where any items were shipped, and the address or e-mail address where any statement balances were sent.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.**

64.    In a letter dated May 10, 2018, Webbank/Fingerhut provided a statement of account activity, data associated with the application and terms and conditions.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.**

65.    Webbank/Fingerhut did not provide Mr. Zellerino with a copy of the application for credit and business transaction records associated with the account.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.**

66.    In this letter, Webbank/Fingerhut advised that its fraud department had not determined that the application is fraudulent and that a police report would only be considered by the department to continue its investigation if it contained new information.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.**

67.     In a letter dated August 7, 2018, Mr. Zellerino again disputed the charges and stated that the address, phone number and e-mail addresses associated with the account were not his and have never been his.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.**

68.     Mr. Zellerino also enclosed a copy of the Identity Theft Report he filed with the FTC.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.**

69.     Mr. Zellerino has not received a response from Webbank/Fingerhut.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.**

**Factual Allegations Relevant to Jefferson Capital Systems**

70.     Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER: Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

71.    Sometime around 2017 Jefferson Capital was engaged to collect on a Webbank/Fingerhut account allegedly owed by Mr. Zellerino.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies them.**

72.    Mr. Zellerino disputed the inaccurate Jefferson Capital account with Defendants Equifax and Experian.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.**

73.    Mr. Zellerino provided a copy of those disputes directly to Jefferson Capital.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.**

24

74.    Equifax and Experian forwarded Mr. Zellerino's disputes to Jefferson Capital.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.**

75.    Jefferson Capital received Mr. Zellerino's disputes.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.**

76.    Jefferson Capital verified the inaccurate credit information back to Equifax and Experian.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.**

77.    On July 7, 2017, Jefferson Capital responded to Mr. Zellerino's dispute, requesting that he complete an identity theft affidavit.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is**

required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

78. In response, Mr. Zellerino sent a letter dated August 4, 2017 requesting a list of charges owed so that he could determine whether he was an identity theft victim.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies them.**

79. On July 8, 2017 Jefferson Capital sent a letter to Mr. Zellerino in an attempt to collect on an alleged debt that Webbank/Fingerhut originally owned and then sold to Jefferson Capital, in the amount of $721.22.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies them.**

80. In response, Mr. Zellerino disputed the debt and requested verification and validation of the debt on August 4, 2017.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.**

81.     Mr. Zellerino did not receive any responses from Jefferson Capital.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.**

82.     On August 7, 2018, Mr. Zellerino sent a copy of the letter he sent to Webbank/Fingerhut enclosing the Identity Theft Report filed with the FTC.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies them.**

### Factual Allegations Relevant to CBNA/Best Buy

83.     Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER:  Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

84.     Mr. Zellerino disputed the inaccurate CBNA/Best Buy account with Defendants Equifax and Experian.

**ANSWER: The allegations in paragraph 84 are directed to Equifax and Experian and not to Citibank and, therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information**

sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

85.   Mr. Zellerino provided a copy of those disputes directly to CBNA/Best Buy.

**ANSWER: The allegations in paragraph 85 are too vague and ambiguous to require a response, particularly as to the phrase "those disputes." To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies them.**

86.   Equifax and Experian forwarded Mr. Zellerino's disputes to CBNA/Best Buy.

**ANSWER: The allegations in paragraph 86 are too vague and ambiguous to require a response, particularly as to the phrase "Mr. Zellerino's disputes." To the extent a response is required, Citibank admits only that it received notices of dispute related to Plaintiff from Equifax and Experian in June 2017 and July 2017.  Except to the extent admitted, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies them.**

87.   CBNA/Best Buy received Mr. Zellerino's disputes.

**ANSWER: The allegations in paragraph 87 are too vague and ambiguous to require a response, particularly as to the phrase "Mr. Zellerino's disputes." To the extent a response is required, Citibank admits only that it received notices of dispute related to Plaintiff from Equifax and Experian in June 2017 and July 2017.  Except to the extent admitted, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies them.**

88.    CBNA/Best Buy verified the inaccurate credit information back to the Equifax and Experian.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.**

89.    In a letter dated December 18, 2017, CBNA stated that it received Mr. Zellerino's dispute and that it has verified that the information on his consumer reports was correct.

**ANSWER: Citibank admits that a letter dated December 18, 2017 was sent to Plaintiff and further states that the text of the letter was made in error as Citibank intended to inform Plaintiff that Citibank requested that the credit bureaus delete the account at issue.  Citibank otherwise denies Claimant's allegations.**

90.     In a letter dated February 20, 2018, Mr. Zellerino asked CBNA to provide a copy of its records which led it conclude that the Best Buy account belonged to him.

**ANSWER: Citibank admits that its records reflect receiving correspondence directly from Mr. Zellerino in February 2018, the content of which speaks for itself, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.**

91.     Mr. Zellerino did not receive a response from CBNA.

**ANSWER: Citibank can neither admit nor deny what Mr. Zellerino received and therefore denies the allegations in paragraph 91.**

### COUNT I - FCRA, 15 U.S.C. § 1681 et seq.
### (Equifax, Experian, and Trans Union)

92.     Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER:  Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

93.     Defendants prepared one or more consumer reports relating to Mr. Zellerino.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is**

**required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies them.**

94.     Those consumer reports contained inaccurate information.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies them.**

95.     Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Zellerino contained within those reports.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies them.**

96.     Defendants violated the FCRA, 15 U.S.C. § 1681e(b).

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies them.**

97.     Defendants' violation of the FCRA were negligent and caused harm to Mr. Zellerino in violation of 15 U.S.C. §§ 1681e(b) and 1681o; alternatively

Defendants' violation of the FCRA were wil1ful in violation of 15 U.S.C. §§ 168le(b) and 1681n.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies them.**

98.   Mr. Zellerino requested reinvestigation of inaccurate credit information maintained by Defendants within his credit file.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies them.**

99.   Defendants failed to conduct a proper investigation into Mr. Zellerino's credit reporting dispute as required by 15 U.S.C. § 168li.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.**

100.   Defendants negligently violated the FCRA, 15 U.S.C. §§ 168li and 16810; alternatively, Defendants have willfully violated the FCRA, 15 U.S.C.  §§ 1681i and 1681n.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies them.**

101.   Mr. Zellerino has suffered damages as a result of this violation of the FCRA.

**ANSWER: The allegations of this paragraph are not directed toward Citibank and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies them.**

## COUNT II - FCRA, 15 U.S.C. § 1681 et seq. (Webbank/Fingerhut, Jefferson Capital, and CBNA/Best Buy)

102.   Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER:  Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

l03.   The following furnishers, hereby referred to collectively as "The Furnishers" are furnishers of information as contemplated by the FCRA, 15 U.S.C. § 1681 et. seq. that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer:

    a.   Webbank/Fingerhut

    b.   Jefferson Capital

    c.   CBNA/Best Buy

**ANSWER: The allegations in paragraph 103 contain legal conclusions to which no response is necessary.  To the extent a response is required as to the allegations related to Citibank, Citibank admits that at times it furnishes information to the credit reporting agencies. Except as specifically admitted, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies them.**

104. Defendants Equifax, Experian and Trans Union forwarded notices of Mr. Zellerino's disputes to The Furnishers after Mr. Zellerin's June 5, 2017, December 5, 2017, and March 22, 2018 dispute letters to Equifax and Experian, and Mr. Zellerino's March 22, 2018 dispute to Trans Union.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies them.**

105.   The Furnishers received those notices.

**ANSWER: Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies them.**

106.   The Furnishers falsely verified the information in relation to Mr. Zellerino.

**ANSWER:   To the extent the allegations in paragraph 106 concern Citibank, denied. To the extent the allegations concern other defendants,**

34

**Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

107.   The Furnishers furnished erroneous information about Mr. Zellerino and failed to conduct a reasonable investigation in relation to Mr. Zellerino.

**ANSWER: To the extent the allegations in paragraph 107 concern Citibank, denied. To the extent the allegations concern other defendants, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

108.   The Furnishers negligently violated the FCRA, 15 U.S.C. §§ 1681s-2 and 16810; alternatively, The Furnishers willfully violated the FCRA, 15 U.S.C. §§ 168s-2 and 1681n.

**ANSWER: To the extent the allegations in paragraph 108 concern Citibank, denied. To the extent the allegations concern other defendants, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

## COUNT III - Special Claim for Injunctive Relief Under FCRA (Equifax, Experian, and Trans Union)

109.   Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER:  Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

110.   Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they

have jurisdiction. *Califano v. Yamasaki*, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979).

**ANSWER: The allegations in paragraph 110 contain a legal conclusion to which no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

111. This Court has the authority to enjoin further violations of the FCRA by Defendants relative to Mr. Zellerino.

**ANSWER: The allegations in paragraph 111 contain a legal conclusion to which no response is required. To the extent a response is required, Citibank denies the allegations.**

112. Mr. Zellerino requests that this Court declare his rights relative to the accuracy of the disputed credit information.
**ANSWER: Citibank denies the relief requested in paragraph 112.**

113. Mr. Ze1lerino requests that this Court issue its injunction barring further publication of the disputed credit information.

**ANSWER: Citibank denies the relief requested in paragraph 113.**

**COUNT IV - Michigan Occupational Code ("MOC") (Jefferson Capital)**

114. Mr. Zel1erino incorporates the preceding allegations by reference.

**ANSWER: Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

115.  Jefferson Capital is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.90l(b).

**ANSWER: The allegations in paragraph 115 contain a legal conclusion to which no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

116.  Mr. Zel1erino is a debtor as that term is defined in M.C.L. § 339.901(f).

**ANSWER: The allegations in paragraph 116 contain a legal conclusion to which no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

117.  Jefferson Capital's actions to collect from Mr. Zellerino violated the MOC, including, but not limited to, the following: M.C.L. §§ 339.915 and 339.918.

**ANSWER: The allegations in paragraph 117 contain a legal conclusion and relate to another defendant, and therefore, no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

118.  Mr. Zellerino suffered damages as a result of these violations of the MOC.

**ANSWER: The allegations in paragraph 118 relate to another defendant, and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

119. These violations were willful.

**ANSWER: The allegations in paragraph 118t relate to another defendant, and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

## COUNT V - Michigan Regulation of Collection Practices Act ("MRCPA") (Webbank/Fingerhut)

120. Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER: Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

121. Webbank/Fingerhut is a "regulated person" as defined by M.C.L. § 445.251(g).

**ANSWER: The allegations in paragraph 121 contain a legal conclusion and relate to another defendant, and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information**

sufficient to form a belief as to the truth of the allegations and therefore denies them.

122. Mr. Zellerino is a "consumer" or "debtor" as defined by M.C.L. §445.251(d).

**ANSWER: The allegations in paragraph 122 contain a legal conclusion to which no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

123. Webbank/Fingerhut's actions in attempting to collect the alleged debt owed by Mr. Zellerino through the credit reporting system violated the MRCPA, including but not limited to, M.C.L. § 445.252(e).

**ANSWER: The allegations in paragraph 123 contain a legal conclusion and relate to another defendant, and therefore, no response is required. To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

124. Mr. Zellerino has suffered damages as a result of these willful violations of the MRCPA.

**ANSWER: The allegations in paragraph 124 relate to another defendant to which no response is required. To the extent a response is**

**required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

125.   Webbank/Fingerhut's violations of the MRCPA were willful.

**ANSWER: The allegations in paragraph 125 relate to another defendant to which no response is required.   To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

**COUNT VI - Special Claim for Injunctive Relief Under Michigan Regulation of Collection Practices Act ("MRCPA") (Webbank/Fingerhut)**

126.   Mr. Zellerino incorporates the preceding allegations by reference.

**ANSWER:  Citibank, N.A. hereby incorporates by reference its answers to the foregoing paragraphs, as if set forth fully herein.**

127.   Webbank/Fingerhut has continued in its efforts to collect from Mr. Zellerino via the credit reporting system.

**ANSWER: The allegations in paragraph 127 relate to another defendant to which no response is required.   To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

128.   Mr. Zellerino does not owe the money that Webbank/Fingerhut claims is owed.

40

**ANSWER: The allegations in paragraph 128 relate to another defendant to which no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

129.   It appears that Webbank/Fingerhut is unwilling to cease its derogatory credit reporting without a court order commanding it to do so.

**ANSWER: The allegations in paragraph 129 relate to another defendant to which no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

130.   Webbank/Fingerht's efforts to collect the amounts which are not justly due are in willful violation of Mr. Zellerino's right to be free from unwarranted collection efforts and interference with his personal credit affairs.

**ANSWER: The allegations in paragraph 130 relate to another defendant to which no response is required.  To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

131.   Mr. Ze1lerino will continue to suffer harm to his credit reputation and ability to obtain credit as needed if the derogatory and false information from Webbank/Fingerhut's claimed debt continues to appear on his consumer report.

**ANSWER: The allegations in paragraph 131 relate to another defendant to which no response is required.  To the extent a response is**

**required, Citibank lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations and therefore denies them.**

132.   Mr. Zellerino will suffer irreparable annoyance, harassment, and harm to his reputation if the derogatory and false information continues to be published.

**ANSWER: The allegations in paragraph 132 relate to another**

**defendant to which no response is required.   To the extent a response is**

**required, Citibank lacks knowledge or information sufficient to form a belief**

**as to the truth of the allegations and therefore denies them.**

133.   The MRCPA specifically prohibits an entity from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt in violation of M.C.L. § 445.252(e).

**ANSWER: The allegations in paragraph 133 contain a legal conclusion**

**and relate to another defendant and therefore, no response is required.   To**

**the extent a response is required, Citibank lacks knowledge or information**

**sufficient to form a belief as to the truth of the allegations and therefore**

**denies them.**

134.   The MRCPA specifically provides for declaratory and injunctive relief to a consumer.

**ANSWER: The allegations in paragraph 134 contain a legal conclusion**

**and relate to another defendant and therefore, no response is required.   To**

**the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.**

135.   Mr. Zellerino requests that this Court issue its order declaring the relative rights of Mr. Zellerino and Webbank/Fingerhut with respect to the disputed account which continues to appear on Mr. Zellerino's consumer report.

**ANSWER: The allegations in paragraph 135 relate to another defendant to which no response is required.   To the extent a response is required, Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them**.

## Jury Demand

136.   Mr. Zellerino demands trial by jury.

**ANSWER: Citibank admits that Plaintiff seeks a jury but denies that Plaintiff is entitled to the relief sought.**

## Request For Relief

137.   *ACCORDINGLY, Mr. Zellerino requests that the Court grant any or all of the following relief:*

A.   Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

B.   Statutory damages in an amount to be determined at trial.

C.   Punitive damages in an amount to be determined at trial.

D.   Costs and attorney fees provided by statute.

E.   Declaratory and injunctive relief as appropriate.

F.      Any other relief the Court deems just.

**ANSWER: Citibank denies that Plaintiff is entitled to any relief requested.**

## AFFIRMATIVE DEFENSES

Citibank, N.A. asserts the following Affirmative Defenses to Plaintiff's Complaint and Jury Demand.

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims may be barred, in whole or in part, because Plaintiff suffered no actual injury and therefore has no standing to bring a statutory claim.

3.      Citibank complied with the FCRA in its handling of Plaintiff's account and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

4.      Citibank at all times acted reasonably took reasonable measures to ensure that the information furnished to the credit reporting agencies was accurate.

5.      Each and every act of Citibank complained of in the Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

6.      Any loss, injury, damage or detriment Plaintiff may have suffered was directly and proximately caused and contributed to by Plaintiff's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct and not by Citibank.

7.      Plaintiff has failed, refused, and/or neglected to take reasonable steps to mitigate Plaintiff's alleged damages, if any, thus barring or diminishing any recovery by Plaintiff.

Citibank reserves the right to seek to assert additional defenses in the event discovery indicates that they may be appropriate.

WHEREFORE, Citibank, N.A. respectfully requests that this Court dismiss all of Plaintiff's claims with prejudice, and requests Citibank, N.A. be awarded its costs and any further relief this Court deems just and proper.

Respectfully submitted,

By:  /s/ Amy Sabbota Gottlieb
Amy Sabbota Gottlieb (P67020)
Dickinson Wright PLLC
Attorneys for Defendant Citibank, N.A.
2600 West Big Beaver Road, Suite 300
Troy, MI 48084
(248) 433-7200
agottlieb@dickinsonwright.com

Dated:  December 11, 2018

45

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2018 the foregoing paper was electronically filed with the clerk of the court using the court's electronic filing system, which will send notification of such filing via email to all counsel of record.

By:  /s/ Amy Sabbota Gottlieb
Amy Sabbota Gottlieb

BLOOMFIELD 58350-205 2253189v1